NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION AS RECEIVER FOR PENNY LANE PARTNERS, L.P., <br><br>       Plaintiff, <br><br>   v. <br><br> NAHID NAZARIAN BEHFARIN, <br><br>       Defendant. | Civil Action No. 08-1393 (GEB) <br><br> **MEMORANDUM OPINION** |

**BROWN, Chief Judge**

This matter comes before the Court upon Plaintiff the United States Small Business Administration as Receiver for Penny Lane Partners, L.P.'s ("Plaintiff" or "SBA") Motion for Default Judgment (Docket Entry No. 10) and defendant Nahid Nazarian Behfarin's ("Defendant") Motion to Dismiss (Docket Entry No. 12.) The Court has reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will deny Defendant's Motion to Dismiss and deny Plaintiff's Motion for Default Judgment

I. BACKGROUND

The undersigned appointed the Plaintiff on May 16, 2006, as Receiver during the resolution of the ancillary matter United States v. Penny Lane Partners, L.P., Civil Action No. 06-1894. The

SBA filed the instant complaint on March 17, 2008, "as receiver for Penny Lane Partners, L.P." ("Penny Lane") against Defendant. (Docket Entry No. 1.) An Affidavit of Service for Summons and Complaint served on Defendant was filed on August 12, 2008, which indicated that Defendant was served on July 22, 2008. (Docket Entry No. 8.) Thereafter, on August 21, 2008, Plaintiff filed its request for Entry of Default, and the Clerk's Office entered default on August 22, 2008. (Docket Entry No. 9.) Plaintiff filed its Motion for Default Judgment on October 31, 2008. (Docket Entry No. 10.) On November 30, 2008, Defendant filed a Motion to Dismiss. (Docket Entry No. 12.) The Court's consideration of these motions follows.

## II. DISCUSSION

### A. MOTION TO DISMISS

Although Defendant failed to file a brief in support of her motion, she states in her motion that "defendant is not subject to the personal jurisdiction of this court." (Docket Entry No. 12.) Defendant's attorney also filed a certification in which he states that Defendant lives in California and "does not . . . own any real property in New Jersey." (Docket Entry No. 12-2.) Finally, in the proposed order that was submitted, Defendant also states that the matter should be dismissed for "failure to timely serve the complaint." (Docket Entry No. 12-3.)

Plaintiff argues that "Defendant's Motion to Dismiss deserves no consideration" and that accordingly, the Court should "reject[] . . . defendant's motion entirely on the grounds that it is untimely and made with no legitimate purpose." (Docket Entry No. 21 at 7.) Further, Plaintiff argues that "what best highlights the motion's unscrupulous agenda is defendant's inexcusable refusal to withdraw her motion <u>even after</u> this Court found these very same arguments . . . were

2

without merit" in another related ancillary action. (Id. at 8.) Accordingly, Plaintiff argues that instead, the Court should reject the Motion to Dismiss because it "is a sham;" because "[i]t is deficient in form, substance, and merit;" and because this Court should not permit Defendant to use the filing of such a motion as a way to extend her time to file an answer and circumvent the Entry of Default. (Id. at 15 to 16.) Plaintiff argues that the motion should not be considered by this Court because it is in violation of Local Civil Rule of Procedure 7.1(d)(1) and 7.2(a), and because the statements that Defendant includes in her papers have been made "without any proof or legal basis." (Id. at 16 to 17.) Further, Plaintiff points out that the certification provided by Defendant's attorney "has no evidentiary value" because "defendant's counsel has no personal knowledge" of those facts asserted. (Id. at 17.)

The Court concludes that Defendant's submission to the Court is procedurally defective, that Plaintiff has not provided adequate argument or support for the arguments that may be gleaned from his submissions, and that therefore, the Court cannot determine the bases upon which Plaintiff's motion rests. The Court also exercises it discretion and concludes that denial of the motion, rather than its rejection as is urged by Plaintiff, is proper under the Local Rules. Therefore, because Plaintiff's Motion to Dismiss has been filed in violation of Local Civil Rules of Procedure 7.1 and 7.2, the Court will deny the motion without prejudice. For this reason, at this time, the Court also need not address Plaintiff's other arguments that have been made in response to its understanding of those arguments made by Defendant in her Motion to Dismiss.

### B. MOTION FOR DEFAULT JUDGMENT

Plaintiff filed a Motion for Default Judgment in which it argues that default judgment should

be granted because Entry of Default was properly entered against Defendant, and because after amending the caption to properly state Defendant's name, it was served upon Defendant on July 22, 2008.  (Docket Entry No. 10-2 at 8 to 9.)  Plaintiff further states that Defendant has failed to file answer or notice of appearance.  (Id. at 9.)  Plaintiff also argues that default judgment is appropriate because Plaintiff will be prejudiced if the Court does not grant default judgment insofar as it will not help the Receiver "to preserve the estate assets and avoid the unnecessary expense of defendant against an unmeritorious claim or defense;" because "Defendant does not have a meritorious defense;" and because "Defendant's delay is the result of culpable conduct."  (Id. at 11 to 16.)  Finally, Plaintiff argues that "[j]udgment should be entered in the amount demanded in the Complaint" because "the damages claimed in the Complaint are supported by the annexed Affidavit of William Van Der Weele," which indicates that "Defendant signed the LPA," and that "to date, the Defendant has an unfunded balance of $25,875.00," and that ten percent interest is also due pursuant to the LPA's provisions.  (Id. at 16 to 17.)

Defendant did not file opposition to Plaintiff's motion, but she did file a Motion to Dismiss that the Court described and denied earlier in this opinion.  The Motion to Dismiss neither mentioned nor addressed the pending Motion for Default Judgment or the Entry of Default.

### 1.     Default Judgment Standard

Default is governed by Federal Rule of Civil Procedure 55.  FED. R. CIV. P. 55.  Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55(a).  "Thereafter, the plaintiff may seek

the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, No. 07-1522, 2008 WL 940782 (D.N.J. April 7, 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 WL 878426 at *3 (D.N.J. April 1, 2008) (citation omitted).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, 2008 WL 940782 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987) (stating that "we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." Id. (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir.1984)).

Further, although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. Signs by Tomorrow - USA, Inc. v. G.W. Engel Co., Inc., No. 05-4353, 2006 U.S. Dist. LEXIS 56456, at *5-6 (D.N.J. Aug. 1, 2006) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *1 (D.N.J. Mar. 14, 2006) (citation omitted)). "Consequently, before granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" Signs,

5

2006 U.S. Dist. LEXIS 56456, at * 6 (quoting Directv, Inc., 2006 U.S. Dist. LEXIS 14027, at *1 (citation omitted)).

Pursuant to Federal Rule of Civil Procedure 12, usually a Defendant must answer or otherwise respond "within 20 days after being served with the summons and complaint." FED. R. CIV. P. 12.

### 2. Analysis

The Office of Clerk of this Court granted Plaintiff's request for an entry of default under Federal Rule of Civil Procedure 55(a). See Husain v. Casino Control Comm'n, No. 07-3636, 2008 U.S. App. LEXIS 3700, at *4 (3d Cir. Feb. 20. 2008) (stating that "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)"). See also Bank of Nova Scotia v. James, No. 2005-08, 2008 U.S. Dist. LEXIS 79240 (V.I. Oct. 8, 2008); Mims v. McCall, No. 06-4551, 2008 U.S. Dist. LEXIS 43092 (D.N.J. June 2, 2008); 10A Charles Alan Wright, Federal Practice and Procedure § 2682 (2007) (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). The Court takes into consideration that Entry of Default was entered on August 22, 2008; that Plaintiff subsequently moved for default judgment on October 31, 2008; that the return date for the Motion for Default Judgment was set for December 1, 2008; and that Plaintiff filed the above-described Motion to Dismiss on November 30, 2008.

The Court concludes that default judgment is not appropriate here. Although Defendant's Motion to Dismiss failed to comply with the requirements of the Local Rules, default judgment is

disfavored and a decision on the merits is preferred.  See Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 WL 878426 at *3 (D.N.J. April 1, 2008).  Because Defendant filed a motion in the matter that seemingly challenged jurisdiction, even though the Court denied the motion for its non-compliance with Local Rules, the Court, in the interest of justice, will allow Defendant the opportunity to provide an answer or other appropriate response so that the matter might be decided on the merits.

### III. CONCLUSION

For the foregoing reasons, the Court will deny without prejudice Defendant's Motion to Dismiss, and the Court will deny Plaintiff's Motion for Default Judgment.  An appropriate form of Order accompanies this Opinion.


Dated: April 23, 2009


                                                s/ Garrett E. Brown, Jr.
                                              GARRETT E. BROWN, JR., U.S.D.J.