NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

————————————————————————
)
THE UNITED STATES SMALL BUSINESS )
ADMINISTRATION AS RECEIVER FOR )
PENNY LANE PARTNERS, L.P., )
)
          Plaintiff, )
)      Civil Action No. 08-1393 (GEB)
     v. )
)      **MEMORANDUM OPINION**
NAHID NAZARIAN BEHFARIN, )
)
          Defendant. )
————————————————————————)

**BROWN, Chief Judge**

     This matter comes before the Court upon Defendant Nahid Nazarian Behfarin's

("Defendant") Motion for Extension of Time to File Answer (Doc. No. 26) and Plaintiff the

United States Small Business Administration as Receiver for Penny Lane Partners L.P.'s

("Plaintiff" or "SBA") Cross-Motion for Default Judgment (Doc. No. 29).  The Court has

reviewed the parties' submissions and decided the motions without oral argument pursuant to

Federal Rule of Civil Procedure 78.  For the reasons that follow, the Court will deny Defendant's

Motion for Extension of Time to file Answer and grant Plaintiff's Motion for Default Judgment.


## I.      BACKGROUND

     The undersigned appointed the Plaintiff on May 16, 2006, as Receiver during the

resolution of the ancillary matter United States v. Penny Lane Partners, L.P., Civil Action No.

06-1894.  The SBA filed the instant complaint on March 17, 2008, "as receiver for Penny Lane Partners, L.P." ("Penny Lane") against Defendant.  (Doc. No. 1.)  An Affidavit of Service for Summons and Complaint served on Defendant was filed on July 22, 2008.  (Doc. No. 8.) Thereafter, on August 21, 2008, Plaintiff filed its request for Entry of Default, and the Clerk's Office entered default on August 22, 2008.  (Doc. No. 9.)  Plaintiff filed its Motion for Default Judgment on October 31, 2008.  (Doc. No. 10.)  On November 30, 2008, Defendant filed a Motion to Dismiss.  (Doc. No. 12.)

    In an Amended Memorandum Opinion and Order dated April 24, 2009, the Court denied the Motion to Dismiss and the Motion for Default Judgment.  (Doc. Nos. 23, 24.)  The Court denied the Motion to Dismiss because it was "filed in violation of Local Civil Rules of Procedure 7.1 and 7.2."  (Opinion 3, April 24, 2009; Doc. No. 24.)  In addition, the Court denied the Motion for Default Judgment because "in the interest of justice, [the Court] will allow Defendant the opportunity to provide an answer or other appropriate response so that the matter might be decided on the merits."  (Id. at 7.)

    Thereafter, Defendant failed to file answer in accord with the Rules of Civil Procedure, and on May 29 2009, Plaintiff filed a second request for default.  (Doc. No. 25.)  The Clerk's Office entered default on June 1, 2009.  Subsequently, Defendant filed a Motion for Extension of Time to File Answer on August 26, 2009, and Plaintiff filed a Cross Motion for Default Judgment on October 5, 2009.  (Doc. Nos. 26, 29.)  While Plaintiff filed opposition to Defendant's Motion for Extension of Time to File Answer (Doc. No. 32), Defendant did not file opposition to the Motion for Default Judgment.  The Court's consideration of these motions follows.

## II.    DISCUSSION

### A.    The Parties' Arguments

Defendant argues that the Court should grant its Motion for an Extension of Time to File Answer for several reasons.  In the letter to the Court, Defendant states that after the Court ruled on the Motion to Dismiss and denied the motion, "[a]n appeal was immediately filed and we had assumed that this put a stay on the matter." (Letter 1-2, Aug. 26, 2009; Doc. No. 26-1.)  In addition, Defendant argues that "there is no prejudice for filing out of time" because should Plaintiff prevail in this action, interest would accrue.  (Id. at 2.)

Plaintiff, however, opposes Defendant's motion and has filed a Cross Motion for Default Judgment.  Plaintiff argues in opposition that Defendant has failed to provide a reason to explain, in accord with Federal Rule of Civil Procedure 6(b)(1)(B), why Defendant failed to file answer. (Pl.'s Opp. Br. at 2; Doc. No. 32.)  Moreover, Plaintiff points out that while Defendant states in her letter that an appeal was previously filed in this matter and that this matter was "administratively consolidated" with other ancillary actions, neither representation is true.  (Id. at 1.)  Plaintiff argues that Defendant's answer was originally due on August 11, 2008, and after this Court denied Plaintiff's Motion to Dismiss, Defendant's answer was thereafter due on May 8, 2009.  (Id.)  Plaintiff maintains that for all these reasons, not only should Defendant's motion be denied, but that the Court should enter default judgment as well. (Id.)

Plaintiff argues that the Court should grant its Cross Motion for Default Judgment because Defendant "has given no indication that she will meaningfully defend herself in this action."  (Id. at 2.)  Plaintiff maintains that Defendant has not "sought to set aside any one of the Clerk's two Entries of Default" and that "Defendant's current and prior motions are all that she

3

has done in this action and they give no indication that Defendant has any meritorious defense to this action." (<u>Id.</u> at 20-21.)  Further, Plaintiff states that default judgment is appropriate because it would be otherwise prejudiced, and because Defendant is culpable in her failure to respond. (<u>Id.</u> at 24.)   For these reasons, Plaintiff asserts that the Court should award it $25,875.00 plus interest at the rate of ten percent since October 31, 2006.  (<u>Id.</u> at 25.)

> **B.      Standards of Review**
>
> **1.      Extension of Time to File Answer**

Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  FED. R. CIV. PRO. 6(b).  Excusable neglect is defined as "requiring a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules. . . . '[H]alf hearted efforts at service' and 'inadvertence of counsel' do 'not amount to good cause.'" <u>McCrae v. KLLM Inc.</u>, 89 Fed. Appx. 361, 364 (3d Cir. 2004) (citing <u>Braxton v. United States</u>, 817 F.2d 238, 241 (3d Cir. 1987)).

> **2.      Default Judgment**

Default is governed by Federal Rule of Civil Procedure 55.  FED. R. CIV. P. 55.  Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  FED. R. CIV. P. 55(a).

4

"Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)."  Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, No. 07-1522, 250 F.R.D. 171, 177, 2008 U.S. Dist. LEXIS 28324 (D.N.J. April 7, 2008) (citation omitted).  "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred."  Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 (D.N.J. April 1, 2008) (citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1983)).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  Doug Brady, 250 F.R.D. at 177 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987) (stating that "we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")).  "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort."  Id. (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir.1984)).

### C.    Analysis

As an initial matter, the Court denies Defendant's Motion for an Extension of Time to File Answer.  Defendant has not adequately shown excusable neglect, or in other words, that Defendant acted in good faith and stated a reasonable basis for noncompliance in filing an answer.  Rather, Defendant has noted that the matter was appealed.  This is not true; no appeal

was filed with respect to this matter.  This is the second time that Defendant failed to timely file answer, and the Court notes that inadvertence of counsel does not warrant an extension when such an application is made after the date on which the answer was due.  For these reasons, Defendant's motion is denied.

Turning to Plaintiff's Motion for Default Judgment, the Court will grant the motion.  The Office of Clerk of this Court granted Plaintiff's request for an entry of default under Federal Rule of Civil Procedure 55(a).  See Husain v. Casino Control Comm'n, No. 07-3636, 2008 U.S. App. LEXIS 3700, at *4 (3d Cir. Feb. 20. 2008) (stating that "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)").  See also Bank of Nova Scotia v. James, No. 2005-08, 2008 U.S. Dist. LEXIS 79240 (V.I. Oct. 8, 2008); Mims v. McCall, No. 06-4551, 2008 U.S. Dist. LEXIS 43092 (D.N.J. June 2, 2008); 10A Charles Alan Wright, Federal Practice and Procedure § 2682 (2007) (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)").  Although Entry of Default was entered on June 1, 2009, Defendant proceeded to file a Motion for Extension of Time to File Answer on August 26, 2009, approximately three months later.  However, as this Court previously determined, Defendant's motion was denied because she failed to show the requisite "excusable neglect."  Accordingly, pursuant to the Order that this Memorandum Opinion accompanies, and for the reasons previously discussed herein, the Court denied Defendant's motion.

Plaintiff alleges in its Complaint a cause of action for breach of contract.  Plaintiff states that  "[o]n October 21, 1996, the defendant signed the LPA to be a Private Limited Partner in

6

Penny Lane"; that "[t]he balance owed by the defendant as a Private Limited Partner is the unfunded capital commitment in the amount of $25,875.00"; that Defendant was "issued an unfunded capital commitment demand letter dated October 31, 2006 demanding payment of the amount of $25,875.00"; that "no payment has been made by the defendant"; that the LPA states that "any Private Limited Partner's failure to pay the amount due from the date due pursuant to the capital call notice for payment . . . shall be charged ten percent (10%) interest from the date the unfunded capital commitment was due"; and that for these reasons, the Court should grant default judgment in favor of Plaintiff. (Compl. ¶¶ 7, 10, 15 to 17; Doc. No. 1.)

The Court concludes that Default Judgment is appropriate here.  First, Plaintiff's unchallenged facts, which the Court accepts as true, set forth a legitimate cause of action. See Signs, 2006 U.S. Dist. LEXIS 56456 at * 6.   In addition, Defendant has not offered any opposition to the Motion for Default Judgment, and therefore, the Court concludes that the Defendant has not offered information regarding the existence of a meritorious defense.  The proposed answer that Defendant submitted in concert with her Motion for an Extension of Time to File Answer summarily denied the facts set forth in the Complaint and did not provide any other detail or facts concerning a meritorious defense.  Moreover,  the facts as alleged in the Complaint provide no indication of a meritorious defense.  Plaintiff has been prejudiced in that this action was filed on March 17, 2008, as an ancillary matter to another case before this Court, and Plaintiff has also been prejudiced because Defendant has failed to properly respond in any substantial way to the allegations.  Defendant's failure to meaningfully participate in this litigation compels this Court's grant of default judgment.  The Court concludes that Defendant is culpable in respect to her failure to respond in a timely fashion and in her failure meet her

obligations under the LPA.

       Turning to damages, Plaintiff has provided the Court with a copy of the LPA, signed by Defendant, indicating that the amount of her total commitment was $115,000.00 at the time of signing.  (Doc. No. 30-4.)  Plaintiff has also provided Defendant's Schedule K-1 tax documents for the years 1996 through 2005.  Box J(b) of these forms indicates that Defendant declared a total of $89,125.00 capital contributed.  (Doc. No. 30-7.)  The demand letter subsequently sent to Defendant, dated October 31, 2008, states these figures exactly.  (Doc. No. 30-8.)  Specifically, the demand letter states that total amount Defendant had contributed to date was $89,125.00, that Defendant's total commitment was $115,000.00, and that therefore, the amount due is $25,875.00.  The Court accepts these proofs, and therefore determines that damages are due in the amount demanded of $25,875.00 plus ten percent (10%) interest from the date due, October 31, 2006.

## III.    CONCLUSION

       For the foregoing reasons, the Court will deny Defendant's Motion for an Extension of Time to File Answer and will grant Plaintiff's Motion for Default Judgment.  An appropriate form of order accompanies this opinion.

Dated: March 19, 2010

                                                 s/ Garrett E. Brown, Jr.
                                          GARRETT E. BROWN, JR., U.S.D.J.